Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Olivier Chaine

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIER CHAINE, an Individual; <br><br>     Plaintiff, <br><br>     vs. <br><br> TRANSUNION LLC and DOES 1-10, Inclusive, <br><br>     Defendants. | Case No.:  2:15-cv-6415 <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1.  FAIR CREDIT REPORTING ACT; <br><br> **JURY TRIAL DEMANDED.** |

Plaintiff alleges:

    1. Plaintiff OLIVIER CHAINE ("Plaintiff") is a resident of Los Angeles County, State of California.

    2.  Defendants TRANSUNION LLC ("TRANSUNION") is a business entity, form unknown, doing business in the State of California as credit bureau which receives negative credit information about consumers and which then publish such information in credit reports available to its subscribers.  Citi Commercial Lending ("CCL") is a creditor which, among other activities, reports

allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

///

///

## FIRST CAUSE OF ACTION
### [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6.  Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7.  Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  TRANSUNION is a credit bureau defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about December 2006 Plaintiff signed as guarantor on two lines of credit with Citi Commercial Lending for his website development business, one for $150,000 and another for $50,000. Plaintiff always remained current on his monthly payments.

9. On or about February 2014, Plaintiff contacted Citi Commercial Lending to begin settlement negotiations on his two business lines of credit. Citi Commercial Lending and Plaintiff agreed to settle for 50% off the current balance ($75k and $25k). It was agreed that Plaintiff would make monthly payments (12 and 6 respectively) and there would be no interest as long as he maintained payments. Plaintiff never missed a payment. Also, he understood that there would be no negative reporting applied as long as his payments were on time and paid in full according to the agreed upon settlement.

10. On or about March 6, 2014, Plaintiff received an email from Brandon Bond from Citi Commercial Lending stating that if a settlement were pursued it would be reported as "settled for less than full amount" and a -0- balance if all monthly payments were made on time.

11. On or about June 8, 2014, Plaintiff entered into a settlement agreement with Citi Commercial Lending regarding his Account #201700085xxxx.  The

agreement stated that Plaintiff would make 12 payments of $6,328.02 to satisfy his loan.

12. On or about September 22, 2014, Plaintiff entered into a settlement agreement with Citi Commercial Lending regarding account #201700060xxxx. The agreement stated that Plaintiff would make 6 payments of $4,214.86 to satisfy the loan.

13. On or about October 16, 2014 Plaintiff received a letter suspending his Home Equity Line Of Credit. The decision to suspend his line of credit was based in whole or in part on information that was obtained from his credit profile.

14. On or about October 27, 2014, Plaintiff sent two dispute letters to Citi Commercial Lending , one for each account, stating that the information they were reporting was inaccurate because the loan was being paid off according to the agreed upon settlement agreement payment schedule. Plaintiff never received a response to his letter.

15. On or about December 6, 2014, Plaintiff sent a dispute letter to TRANSUNION disputing that he was ever late on his two Citi Commercial Lending accounts (#201700060 and #201700085). Plaintiff also provided copies of his credit reports and copies of his settlement agreement letters with Citi Commercial Lending to assist them with their investigation.

16. On or about December 26, 2014, TRANSUNION credit report file #341987244-007, reported that they investigated and removed the erroneous information regarding Citi Commercial Lending, account #201800060 from Plaintiff's credit profile. Also, it was stated "if an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation".

17. On or about December 26, 2014, TRANSUNION credit report file #419878244, stated "the information disputed does not currently appear on your TRANSUNION credit report".

18. On or about July 31, 2015, Plaintiff discovered that TRANSUNION reinserted the derogatory Citi Commercial Lending account #201700085 with a Pay Status of Charged Off.

19.  Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports.  Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

20.  Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c.  By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to include in plaintiff's report plaintiff's statement or statements of dispute.

f. **Reinsertion violation against TransUnion:** Plaintiff alleges that TRANSUNION and DOES 1-10, Inclusive, willfully and negligently violated the

reinsertion requirements of 15 U.S.C. Section 1681i (a) (5) (B) in reinserting derogatory information onto plaintiff's credit reports after he had previously disputed it, without certification or notice.

21.  As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial.  As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

22. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts.  Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed.  These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid.  These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general and special damages according to proof at trial;

2.  For statutory penalties for each separate statutory violation where allowed by statute;

3.  For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4.  For attorney's fees where authorized by statute or law;

5.  For costs of suit;

6.  For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: August 20, 2015          **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

By: */s/ Robert F. Brennan*
Robert F. Brennan
Attorneys for Plaintiff